**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**E.H.,**

   **Plaintiff,**

**v.**                                                           **CIVIL ACTION NO. 2:19-CV-42**

**NEWTON E. HIGGINBOTHAM III,**

   **Defendant.**

**ANSWER OF NEWTON E. HIGGINBOTHAM, III TO
PLAINTIFF'S SEALED COMPLAINT**

COMES NOW, Defendant Newton E. Higginbotham, by counsel, Michael D. Mullins and

the law firm of Steptoe & Johnson PLLC, in response to Plaintiff's Complaint and states as

follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

**SECOND DEFENSE**

In response to the enumerated paragraphs of Plaintiff's Complaint, this Defendant responds

as follows:

1.      This Defendant is without specific information or knowledge from which to

formulate a belief as to the truth of the allegations set forth in the paragraph numbered 1 of

Plaintiff's Complaint.

2.      In response to the paragraph numbered 2 of Plaintiff's Complaint, this Defendant

admits that he was an employee of the West Virginia State Police on the date in question.  The

remaining allegations in the paragraph numbered 2 of Plaintiff's Complaint call for a legal

conclusion to which this Defendant is not required to respond.

3.      The allegations set forth in the paragraph numbered 3 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

4.      In response to the paragraph numbered 4 of Plaintiff's Complaint, this Defendant incorporates by reference his previous responses as set forth in paragraphs 1 – 3.

5.      The allegations set forth in the paragraph numbered 5 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

6.      The allegations set forth in the paragraph numbered 6 call for a legal conclusion to which this Defendant is not required to respond.

7.      In response to the paragraph numbered 7 of Plaintiff's Complaint, this Defendant incorporates by reference his previous responses as set forth in paragraphs 1 – 6.

8.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 8 of Plaintiff's Complaint.

9.      This Defendant admits the allegations contained within the paragraph numbered 9 of Plaintiff's Complaint.

10.      This Defendant admits the allegations contained within the paragraph numbered 10 of Plaintiff's Complaint.

11.      Upon information and belief, the allegations set forth the paragraph numbered 11 are admitted.

12.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 12 of Plaintiff's Complaint.

13.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 13 of Plaintiff's Complaint.

14.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 14 of Plaintiff's Complaint.

15.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 15 of Plaintiff's Complaint.

16.     In response to the paragraph numbered 16 of Plaintiff's Complaint, upon advice of counsel, this Defendant asserts his Fifth Amendment rights.

17.     In response to the paragraph numbered 17 of Plaintiff's Complaint, upon advice of counsel, this Defendant asserts his Fifth Amendment rights.

18.     In response to the paragraph numbered 18 of Plaintiff's Complaint, upon advice of counsel, this Defendant asserts his Fifth Amendment rights.

19.     In response to the paragraph numbered 19 of Plaintiff's Complaint, upon advice of counsel, this Defendant asserts his Fifth Amendment rights.

20.     In response to the paragraph numbered 20 of Plaintiff's Complaint, upon advice of counsel, this Defendant asserts his Fifth Amendment rights.

21.     In response to the paragraph numbered 21 of Plaintiff's Complaint, upon advice of counsel, this Defendant asserts his Fifth Amendment rights.

22.     In response to the paragraph numbered 22 of Plaintiff's Complaint, upon advice of counsel, this Defendant asserts his Fifth Amendment rights.

23.     In response to the paragraph numbered 23 of Plaintiff's Complaint, upon advice of counsel, this Defendant asserts his Fifth Amendment rights.

24.     In response to the paragraph numbered 24 of Plaintiff's Complaint, upon advice of counsel, this Defendant asserts his Fifth Amendment rights.

25.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 25 of Plaintiff's Complaint.

26.     In response to the paragraph numbered 26 of Plaintiff's Complaint, upon advice of counsel, this Defendant asserts his Fifth Amendment rights.

27.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 27 of Plaintiff's Complaint.

28.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 28 of Plaintiff's Complaint.

29.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 29 of Plaintiff's Complaint.

30.     This Defendant denies the allegations contained within the paragraph numbered 30 of Plaintiff's Complaint.

31.     In response to the paragraph numbered 31 of Plaintiff's Complaint, this Defendant incorporates by reference his previous responses as set forth in paragraphs 1 – 30.

32.     The allegations set forth in the paragraph numbered 32 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

33.     The allegations set forth in the paragraph numbered 33 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

34.     In response to the paragraph numbered 34 of Plaintiff's Complaint, this Defendant incorporates by reference his previous responses as set forth in paragraphs 1 – 33.

35.     The allegations set forth in the paragraph numbered 35 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

36.     The allegations set forth in the paragraph numbered 36 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

37.     This Defendant denies the allegations contained within the paragraph numbered 37 of Plaintiff's Complaint.

38.     The allegations set forth in the paragraph numbered 38 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

39.     The allegations set forth in the paragraph numbered 39 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

40.     The allegations set forth in the paragraph numbered 40 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

41.     The allegations set forth in the paragraph numbered 41 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

42.     This Defendant denies the allegations contained within the paragraph numbered 42 of Plaintiff's Complaint.

43.     In response to the paragraph numbered 43 of Plaintiff's Complaint, this Defendant incorporates by reference his previous responses as set forth in paragraphs 1 – 42.

44.     This Defendant denies the allegations contained within the paragraph numbered 44 of Plaintiff's Complaint.

45.     This Defendant denies the allegations contained within the paragraph numbered 45 of Plaintiff's Complaint.

46.     This Defendant denies the allegations contained within the paragraph numbered 46 of Plaintiff's Complaint.

47.     This Defendant denies the allegations contained within the paragraph numbered 47 of Plaintiff's Complaint.

48.     The allegations set forth in the paragraph numbered 48 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

49.     This Defendant denies the allegations contained within the paragraph numbered 49 of Plaintiff's Complaint.

50.     This Defendant denies the allegations contained within the paragraph numbered 50 of Plaintiff's Complaint.

51.     This Defendant denies the allegations contained within the paragraph numbered 51 of Plaintiff's Complaint.

52.     The allegations set forth in the paragraph numbered 52 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

53.     This Defendant denies the allegations contained within the paragraph numbered 53 of Plaintiff's Complaint.

54.     This Defendant denies the allegations contained within the paragraph numbered 54 of Plaintiff's Complaint.

55.     This Defendant denies the allegations contained within the paragraph numbered 55 of Plaintiff's Complaint.

56.     This Defendant denies the allegations contained within the paragraph numbered 56 of Plaintiff's Complaint.

57.     This Defendant denies each and every allegation not specifically admitted herein.

**THIRD DEFENSE**

This Defendant asserts any and all defenses available to him pursuant to West Virginia Code § 29-12A-1, *et seq.*

**FOURTH DEFENSE**

This Defendant reserves the right to argue that the sole proximate cause of the incident complained of was conditions beyond the control of this Defendant and for which conditions this Defendant is not liable, and such conditions were not reasonably foreseeable on the part of this Defendant.

**FIFTH DEFENSE**

This Defendant reserves the right to argue that Plaintiff was guilty of comparative negligence and/or assumption of risk which proximately caused the incident and damages alleged in Plaintiff's Complaint and which comparative negligence and/or assumption of risk is a bar to Plaintiff's recovery herein.

## SIXTH DEFENSE

This Defendant reserves the right to argue that, if Plaintiff sustained damages as alleged in Plaintiff's Complaint, all of which this Defendant specifically deny, the same resulted from acts and omissions of persons, firms, and/or corporations other than this Defendant and for which this Defendant is not liable.

## SEVENTH DEFENSE

Plaintiff's claims against Defendant Higginbotham in his official capacity are barred by the Eleventh Amendment.

## EIGHTH DEFENSE

This Defendant denies that he is guilty of any negligence or other conduct proximately causing or contributing to the incident and the injuries alleged by Plaintiff.

## NINTH DEFENSE

All actions taken by this Defendant were exercised in good faith.

## TENTH DEFENSE

This Defendant expressly reserves the right to file any cross-claims or third-party complaints against any and all parties and/or potential third-party defendants.

## ELEVENTH DEFENSE

This Defendant reserves the right to raise additional defenses as are discovered in the future development of this case and specifically reserve the affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure, as may prove applicable as discovery commences in this action.

## TWELFTH DEFENSE

This Defendant reserves the right to argue that he is entitled to qualified immunity.

**THIRTEENTH DEFENSE**

This Defendant asserts that Plaintiff's punitive damages claim is barred by West Virginia and Federal law.

**FOURTEENTH DEFENSE**

The State of West Virginia is not a political subdivision. This Plaintiff's reference in her Complaint to 29-12A-1 *et seq.* is of no moment.

**JURY DEMAND**

This Defendant demands a trial by jury on all claims deemed so triable by the Court.

WHEREFORE, this Defendant demands that this action be dismissed and that he be awarded such other relief as this Court deems appropriate.


                                              **NEWTON E. HIGGINBOTHAM III,**

                                              **By Counsel:**

                                              /s/ Michael D. Mullins
                                              Michael D. Mullins [WVSB #7754]
**STEPTOE & JOHNSON PLLC**                    Chase Tower, 17th Floor
        **Of Counsel**                        707 Virginia Street East
                                              Post Office Box 1588
                                              Charleston, WV 25326-1588
                                              Telephone:  304-353-8000
                                              Facsimile:  304-353-8180
                                              Michael.Mullins@steptoe-johnson.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

E.H.,

     **Plaintiff,**

v.                                    **CIVIL ACTION NO. 2:19-CV-42**

NEWTON E. HIGGINBOTHAM III,

     **Defendant.**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the __8th__ day of October, 2019, I filed the foregoing **"Answer of Newton E. Higginbotham, III's to Plaintiff's Sealed Complaint"** with the Clerk of Court by utilizing the CM/ECF system, which will send electronic notification of said filing to the following counsel of record / CM/ECF participant:

  Christopher J. Heavens (WVSB # 5776)
  Aaron M. Kidd (WVSB # 13213)
  Heavens Law Firm, PLLC
  2438 Kanawha Boulevard, East
  Charleston, WV 25311
  *Counsel for Plaintiff*

                                        /s/ Michael D. Mullins
                                        Michael D. Mullins (WVSB #7754)

**STEPTOE & JOHNSON PLLC**
    **Of Counsel**
                                        Chase Tower, 17th Floor
                                        707 Virginia Street East
                                        Post Office Box 1588
                                        Charleston, WV 25326-1588
                                        Telephone:  304-353-8000
                                        Facsimile:  304-353-8180
                                        Michael.Mullins@steptoe-johnson.com